# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JEFFREY BEAMAN,<br>　　　　　Appellant,<br><br>　　　v.<br><br>DEPARTMENT OF AGRICULTURE,<br>　　　　　Agency. | DOCKET NUMBER<br>DE-0752-22-0187-I-3<br><br><br>DATE:  July 17, 2026 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Joshua Klinger</u>, Denver, Colorado, for the appellant.

<u>Stephanie Curington</u>, and <u>Patrick John O'Connor</u>, Washington, D.C., for the agency.

### BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

### FINAL ORDER

The agency has filed a petition for review of the initial decision, which reversed the appellant's removal.  For the reasons set forth below, we GRANT the petition for review.  We REVERSE the administrative judge's finding that the agency failed to prove its charge.  We further find that the agency met its burden as to nexus and penalty.  Therefore, we AFFIRM the appellant's removal.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

The appellant was employed as a GS-13 Agriculturalist at the agency's Animal and Plant Health Inspection Service, Plant Protection and Quarantine program in Fort Collins, Colorado. *Beaman v. Department of Agriculture*, MSPB Docket No. DE-0752-22-0187-I-1, Initial Appeal File (IAF), Tab 8 at 12. The agency removed him, effective May 2, 2022, based on a charge of notorious and disgraceful conduct. *Id.* at 12-13.

According to the proposed removal, the appellant's misconduct stemmed from a December 2021 arrest by the Larimer County Sheriff's Office for "actively seeking to have sexual contact with underage children." *Id.* at 64. The State of Colorado initially charged the appellant with a total of six felony charges, as follows: two charges of luring a child on the internet, two charges of soliciting for child prostitution, and two charges of attempting to commit sexual assault on a child. *Id.* at 24-26, 64.

At the time of his removal and during the litigation of this appeal, the appellant's state criminal case was pending. *Beaman v. Department of Agriculture*, MSPB Docket No. DE-0752-22-0187-I-3, Appeal File (I-3 AF), Tab 3 at 4-5. According to the appellant, the state withdrew the charges of luring a child on the internet at the beginning of his criminal case. I-3 AF, Tab 4 at 57. Then, in February 2023, the appellant entered a plea agreement with the State of Colorado wherein the state withdrew the remaining four felony charges brought against the appellant and he entered a plea of guilty to one new count of contributing to the delinquency of a minor, a felony, and one new count of reckless endangerment, a misdemeanor. I-3 AF, Tab 3 at 6, Tab 4 at 5, 75-83.

After the appellant withdrew his hearing request, the administrative judge issued an initial decision on the written record reversing the agency's removal decision. *Beaman v. Department of Agriculture*, MSPB Docket No. DE-0752-22-0187-I-2, Appeal File (I-2 AF), Tab 12 at 1; I-3 AF, Tab 7, Initial Decision (ID) at 1, 6. He found that the agency's charge and sole specification was based on

the appellant's arrest and charge in a criminal complaint, and that being arrested was not a basis for removal. ID at 3-4. He alternatively found that even if the agency removed the appellant based on the circumstances underlying his arrest, it still failed to prove its charge. ID at 4-6.

The agency has filed a petition for review. Petition for Review (PFR) File, Tab 1. The appellant has filed a response and moved to dismiss the petition for review for failure to provide interim relief. PFR File, Tab 2. In response, the agency submitted a certification of interim relief and asserted it had good cause for its delay in submitting it previously, which the appellant opposed. PFR File, Tabs 4-5.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>We decline to dismiss the agency's petition for review.</u>

In his motion to dismiss the petition for review, the appellant argues that the agency has not complied with the interim relief order because, although the agency notified him that he was being reinstated to his position and placed on paid administrative leave effective September 25, 2023, it has not paid him retroactive to the date of the initial decision, i.e., September 5, 2023. PFR File, Tab 2 at 4. Nearly 2 months later, the agency submitted an untimely response alleging that good cause existed for its failure to include the certification of interim relief with its petition for review and that the agency had complied with the administrative judge's interim relief order by reinstating the appellant to his position and placing him on administrative leave on September 25, 2023. PFR File, Tab 4 at 4. It stated that it planned to pay him "interim relief pay" from the September 5, 2023 date of the initial decision. *Id.*

In reply, the appellant argues that the agency had not complied with the interim relief order because it did not reinstate him or begin paying him interim relief pay until September 25, 2023, despite the initial decision requiring such relief to be effective on September 5, 2023, the date of the initial decision.

PFR File, Tab 5 at 5. The appellant has included a sworn statement and copies of his leave earning statements showing that he was paid 560 hours, which he alleges only accounts for the period from September 24 through December 30, 2023.[2] *Id.* at 7-11. Thus, he maintains that he has not been paid interim relief pay from September 5 through 23, 2023. *Id.* at 8.

The Board will exercise its discretionary authority to dismiss an agency's petition for review for failure to provide interim relief in light of all the relevant facts and circumstances. *Stewart v. Department of Transportation*, 2023 MSPB 18, ¶ 12. Chief among these considerations is whether the agency undertook good faith, diligent, and competent efforts to satisfy its interim relief obligation. *Id.* Even if we discount the agency's untimely response to the appellant's motion to dismiss its petition for review, the agency has not paid the appellant for, at most, 18 calendar days, from September 5 to 23, 2023. It otherwise reinstated him and placed him in a pay status. The resumption of pay during the interim relief period is the most fundamental element of interim relief. *Johnson v. Department of Veterans Affairs*, 2023 MSPB 9, ¶ 9. We exercise our discretion not to dismiss the petition for review.

<u>The agency proved the charge of notorious and disgraceful conduct by preponderant evidence.</u>

On review, the agency disputes the administrative judge's finding that a plain reading of the proposed removal shows that the appellant was removed for having been arrested and charged by criminal complaint, which is insufficient to sustain the removal. PFR File, Tab 1 at 7; ID at 3-4. The agency argues that it charged the appellant with notorious and disgraceful conduct, which concerned the conduct that led to his arrest. PFR File, Tab 1 at 7. We agree with the agency that the administrative judge misconstrued the charge and therefore, vacate his

---

[2] The appellant states that he resigned from Federal service on January 6, 2024, and is no longer entitled to interim relief payments after that date. PFR File, Tab 5 at 8.

finding that the agency removed the appellant for "having been arrested and charged by criminal complaint." ID at 4.

If, as here, an agency chooses to label an act of alleged misconduct, then it must prove the elements that make up the legal definition of the charge, if any. *Hollingsworth v. Department of the Air Force*, 121 M.S.P.R. 397, ¶ 4 (2014); *see also Robb v. Department of Defense*, 77 M.S.P.R. 130, 133-34 (1997) (explaining the distinction between the charge itself and the narrative outlining the charge and finding that the latter, which is descriptive in nature, does not create an element that the agency must prove in order to have the charge sustained). Here, the agency labeled its charge as "Notorious and Disgraceful Conduct." IAF, Tab 8 at 64. The information concerning the appellant's arrest and criminal charges was included in the specification to describe why the agency concluded that his conduct was notorious and disgraceful. *Id.* Thus, we conclude the administrative judge misconstrued the charge as an arrest and criminal complaint, and we vacate this finding. *See Lawton v. Department of Veterans Affairs*, 53 M.S.P.R. 153, 155-56 (1992) (finding that the administrative judge misconstrued a charge as an arrest, rather than one of disorderly conduct and inability to perform duties, when the agency's reference to the appellant's arrest was merely a description of the circumstances under which the appellant allegedly engaged in disorderly conduct and lost his driver's license and arrest authority, which he needed to perform his police officer duties).

To establish a charge of notorious and disgraceful conduct, the agency must prove that the employee committed the acts alleged in support of the broad label. *See Canada v. Department of Homeland Security*, 113 M.S.P.R. 509, ¶ 9 (2010) (concluding that when a charge has no specific elements of proof, it is established by proving that the employee committed the acts alleged in support of the broad label). If proven, the conduct for which the appellant was arrested would, at a minimum, be disgraceful. *E.g., Walker v. Department of the Navy*, 59 M.S.P.R. 309, 311, 318-19 (1993) (concluding that an appellant's proven acts of twice

exposing his penis to a coworker while on duty constituted disgraceful conduct regardless of whether his coworker consented); *Taylor v. Department of the Navy*, 35 M.S.P.R. 438, 441-43 (1987) (concluding that an agency proved that an appellant's conduct of participating in the murder of her son was "notorious" and "disgraceful" even if her involvement was not publicized because agency officials and coworkers knew of her involvement, believed it reflected adversely on her judgment, and viewed it as disgraceful, and her presence in the workplace would impair them in performing their duties), *aff'd per curiam*, 861 F.2d 728 (Fed. Cir. 1988) (Table).

The administrative judge found that even if the agency removed the appellant based on the conduct underlying his arrest, it still failed to prove its charge because the State of Colorado dismissed all the criminal charges against him. ID at 4-6. He also found that the agency did not offer credible evidence to prove the appellant engaged in the underlying misconduct alleged in the dismissed charges. ID at 5. Moreover, he found that although the appellant later pled guilty to the crimes of contributing to the delinquency of a minor and reckless endangerment, those new counts were not added until after the appellant's removal action. *Id.* He was not persuaded by the agency's argument that it proved its charge because the later plea agreement stipulated that a "sexual factual basis" existed for the new count of contributing to the delinquency of a minor. *Id.* The administrative judge reasoned that there were no further factual details to explain what the underlying conduct was for that count, and the removal was not based on the existence of an unspecified "sexual factual basis." *Id.*

We recognize that the specific charges for which the appellant was arrested were dropped and that he later pled guilty to separate charges. However, the agency is required to prove only the essence of its charge and need not prove each factual specification in support of the charge. *Hicks v. Department of the Treasury*, 62 M.S.P.R. 71, 74 (1994), *aff'd*, 48 F.3d 1235 (Fed. Cir. 1995) (Table). Reading the proposed removal in its entirety, we find that the essence of

the agency's single charge was that the appellant engaged in conduct related to "seeking to have sexual contact with underage children." IAF, Tab 8 at 64. We further find that the appellant's guilty plea to contributing to the delinquency of a minor and his stipulation in the plea agreement that a "sexual factual basis" existed for that charge constitute preponderant evidence that the appellant engaged in notorious and disgraceful conduct as alleged by the agency.

During his deposition in this appeal, the appellant denied knowing the "sexual factual basis" of the felony to which he pled guilty. I-3 AF, Tab 4 at 59-61. However, he also acknowledged during the same deposition that the felony "was related to the conduct that was alleged in his arrest." *Id.* at 59. We therefore find that there was a sufficient connection between the basis for the arrest, which was in turn the basis for the proposed removal, and the appellant's admission and stipulation. Accordingly, we find that the agency met its burden to prove the charge by preponderant evidence.

<u>The agency proved that the appellant's removal promotes the efficiency of the service.</u>

In addition to the requirement that the agency prove its charges, the agency must also prove that there is a nexus, i.e., a clear and direct relationship between the articulated grounds for an adverse action and either the appellant's ability to accomplish his duties satisfactorily or some other legitimate government interest. *Ellis v. Department of Defense*, 114 M.S.P.R. 407, ¶ 8 (2010). An agency may show nexus between off-duty misconduct and the efficiency of the service by three means: (1) a rebuttable presumption in certain egregious circumstances; (2) preponderant evidence that the misconduct adversely affects the appellant's or coworkers' job performance or the agency's trust and confidence in the appellant's job performance; or (3) preponderant evidence that the misconduct interfered with or adversely affected the agency's mission. *Id.*, ¶ 9. The Board and the U.S. Court of Appeals for the Federal Circuit have long recognized that acts of sexual misconduct involving a minor are sufficiently egregious to apply a

presumption of nexus. *See Allred v. Department of Health and Human Services*, 786 F.2d 1128, 1130-31 (Fed. Cir. 1986); *Graybill v. U.S. Postal Service*, 782 F.2d 1567, 1569, 1574 (Fed. Cir. 1986); *Graham v. U.S. Postal Service*, 49 M.S.P.R. 364, 367 (1991); *Williams v. General Services Administration*, 22 M.S.P.R. 476, 478-79 (1984), *aff'd*, 770 F.2d 182 (Fed. Cir. 1985); *Hayes v. Department of the Navy*, 15 M.S.P.R. 378, 380-81 (1983) *aff'd*, 727 F.2d 1535 (Fed. Cir. 1984). We find that the appellant's conduct in this case warrants the same presumption, and we further find that the appellant has not rebutted that presumption. We therefore find that the agency has established a nexus between the appellant's off-duty misconduct and the efficiency of the service.

When all of the agency's charges have been sustained, the Board will review an agency-imposed penalty only to determine if the agency considered all the relevant factors and exercised management discretion within tolerable limits of reasonableness. *Davis v. U.S. Postal Service*, 120 M.S.P.R. 457, ¶ 6 (2013). In reviewing an agency-imposed penalty, the Board must give due weight to the agency's primary discretion in maintaining employee discipline and efficiency; the Board's function is not to displace management's responsibility, but to ensure that managerial judgment has been properly exercised within tolerable limits of reasonableness. *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 302 (1981).

Here, the record reflects that the agency considered all relevant factors and exercised its discretion within tolerable limits of reasonableness. The Board has consistently held that the nature and seriousness of the offense is the most important factor in a penalty determination. *Arena v. U.S. Postal Service*, 121 M.S.P.R. 125, ¶ 6 (2014), *aff'd per curiam*, 617 F. App'x 996 (Fed. Cir. 2015) (Table); *Raco v. Social Security Administration*, 117 M.S.P.R. 1, ¶ 14 (2011). The egregious nature of the appellant's misconduct alone is sufficient to warrant removal. The deciding official noted the appellant's 19 years of service, as well as his lack of prior discipline and positive performance reviews but found

that those factors did not warrant mitigation given the appellant's serious misconduct. IAF, Tab 8 at 14-15. We find no basis to disturb the agency's penalty determination.

## NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[4]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:          _____
                        Gina K. Grippando
                        Clerk of the Board

Washington, D.C.